

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 14, 1965

Dr. James E. Peavy                    Opinion No. C-507
Commissioner of Health
Texas State Department of Health    Re: Whether or not the pro-
Austin, Texas                            visions of the Texas
                                         Dangerous Drug Act as
                                         amended by House Bill
                                         No. 228, 59th Legis-
                                         lature, 1965, conflict
                                         with the Texas Hazardous
                                         Substances Act insofar
                                         as both relate to the
                                         sale of substances
Dear Dr. Peavy:                          containing thallium.

        Your letter of August 19, 1965, requesting our opinion
relative to the above captioned matter reads in part as follows:

        "Article 726-1, V.T.P.C., which is generally
referred to as the Texas Hazardous Substance Act,
provides certain prohibited acts in Section 3,
subsection (a) which reads as follows:

        'Sec. 3. No person shall sell, offer for
sale, or hold for sale in this State in a container
suitable for or intended for household use any of
the following:

        '(a) Any mixture or substances containing
thallium sulfate or any thallium salt, containing
more than <u>one per cent (1%)</u> of thallium, expressed
as metallic thallium.' (Emphasis ours)

        "The 59th Legislature at its Regular Session
passed House Bill No. 228, codified as Article
726d, V.T.P.C., which amended the Texas Dangerous
Drug Act by making thallium subject to prescription
as found in Section 2, subsection (a) as follows:

        '(a) The term "dangerous drug" means any drug
unsafe for self-medication, except preparations of
drugs defined in Subdivisions (a) (5), (a) (6),
(a) (8), and (a) (9) hereof, designed for the
purpose of feeding or treating animals (other than man)

-2392-

or poultry, and so labeled, and includes the following:

'. . .

'(11) Thallium or any compound thereof.

'. . .'

"We believe that there is a conflict between House Bill No. 228 and Section 3(a) of the Texas Hazardous Substances Act (Article 726-1, V.T.P.C.) since House Bill No. 228 (Article 726d, V.T.P.C.) does not expressly repeal all laws and parts of laws in conflict therewith.

"Since House Bill No. 228 as passed by the 59th Legislature becomes effective on August 30, 1965, we need a clarification from your office as to whether or not there is a conflict . . ."

In answering your question, we look to the Texas Dangerous Substances Act and the Texas Dangerous Drug Act for the Legislative intent. Article 726-1, Sec. 2(c), Vernon's Texas Penal Code, defines "hazardous substance" as "any substance or mixture of substances the customary or directed handling or use of which may result in the risk or substantial personal injury or illness by reason of: (1) its toxicity through ingestion, inhalation, or absorption through the skin; (2) its corrosiveness; (3) its irritating properties; (4) its flammability; or (5) the likelihood of bursting of the container in which the substance is contained."

By enacting the Texas Hazardous Substances Act, we believe the Legislature intended to regulate the sale and labeling of hazardous substances in containers suitable for or intended for household use. While the Legislature declared that any mixture or substances containing thallium sulfate or any thallium salt, containing more than one per cent (1%) of thallium, expressed as metallic thallium, was a hazardous substance, it did not prohibit its sale. The prohibition under Sec. 3(a) of Article 726-1 extends only to the sale of mixtures or substances containing thallium sulfate or any thallium salts, containing more than one per cent (1%) of thallium, expressed as metallic thallium, in a container suitable for or intended for household use. (Emphasis added).

The purpose and intent of the Legislature in enacting the Texas Dangerous Drug Act is declared in Section 1 of Article 726d as follows:

"The Legislature of the State of Texas hereby finds that it is essential to the public health and safety to regulate and control the handling, sale and distribution of 'dangerous drugs,' as defined in this Act.

"It is, therefore, hereby declared to be the policy and intent of the Legislature of the State of Texas and the purpose of this Act to regulate and control such handling, sale, and distribution, and, in particular, but without limitation of such purpose, to insure that the public shall receive the therapeutic benefits of 'dangerous drugs' under medical supervision to the full extent required to assure safety and efficiency in their use; to complement and supplement the Laws and Regulations of the Congress of the United States and the appropriate agencies of the Federal Government affecting such handling, sale, and distribution; to prevent such handling, sale, and distribution for harmful or illegitimate purposes; and to place upon manufacturers, wholesalers, licensed compounders or prescriptions and persons prescribing such drugs, a basic responsibility for preventing the improper distribution of such drugs to the extent that such drugs are produced, handled, sold, or prescribed by them."

House Bill No. 228, which amends Section 2 (a) of Article 726d, lists thallium as a "dangerous drug" and permits its sale by prescription.

While both the Texas Dangerous Substances Act and the Texas Dangerous Drug Act regulate the sale of thallium, we are of the opinion that the provisions of the Acts regulating sales are not in conflict. The Acts are mutually exclusive. The two Acts regulate different areas of public health, and their provisions are enforced by different State Agencies. The Texas Dangerous Substances Act prohibits the sale of mixtures or substances containing an excess of one per cent (1%) of thallium in containers suitable for or intended for household

use. The Texas Dangerous Drug Act regulates the handling, sale, and distribution of "dangerous drugs" for therapeutic purposes by prescription supervision and dispensation requirements imposed on the classes of persons named in said Act.

## SUMMARY

House Bill No. 228, 59th Legislature, 1965, which amends Section 2 (a) of Article 726d, Vernon's Texas Penal Code, and which makes thallium subject to sale by prescription is not in conflict with Article 726-1, Section 3 (a), Vernon's Texas Penal Code, which prohibits the sale of any mixture or substance containing more than one per cent (1%) of thallium, expressed as metallic thallium, in a container suitable for or intended for household use because such statutes are mutually exclusive and regulate different areas of public health.

Yours very truly,

WAGGONER CARR
Attorney General

By: Dean Arrington
Dean Arrington
Assistant

DA:ml:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Pat Bailey
George Black
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright